EFiled: Jul 24 2018 10:07AM EDT
Filing ID 62267728
Case Number 355,2018



IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PREMIER HEALTHCARE INC. | § | |
| d/b/a NEWARK MANOR | § | |
| NURSING HOME, BRUCE | § | No. 355, 2018 |
| BOYER, DAVID BOYER, and | § | |
| SUSAN COMEGYS, | § | Court Below—Superior Court of |
| | § | the State of Delaware |
| Defendants Below, | § | |
| Appellants, | § | C.A. No. N17C-09-177 |
| | § | |
| v. | § | |
| | § | |
| THE STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: July 20, 2018
Decided: July 24, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

### O R D E R

This 24th day of July 2018, having considered the notice of appeal and supplemental notice of appeal from an interlocutory order under Supreme Court Rule 42, the Court concludes that:

(1)  This interlocutory appeal arises from a Superior Court opinion denying the motion to dismiss filed by the defendants below-appellants.[1]  On June 25, 2018, the defendants filed an application for certification of an interlocutory appeal.  The

---

[1] *State v. Premier Healthcare Inc.*, 2018 WL 3013484 (Del. June 14, 2018).

plaintiff opposed the application. On July 17, 2018, the Superior Court denied the application after determining that the denial of the motion to dismiss did not establish a legal right or decide a substantial legal issue.[2] In so finding, the Superior Court noted that the request for an interlocutory appeal arose in the unusual context of an order denying a motion to dismiss, an order that by its nature imposed no liability or burden on a party, other than that of allowing the plaintiff to develop a factual record to support its claims.[3] As the Superior Court also noted in both its dismissal decision and its decision denying the application for certification, it viewed the plaintiff as having raised colorable statutory issues best considered against a more developed factual record.[4] Therefore, the Superior Court did not view itself as having issued an order that established a legal right or decided a substantial legal issue.[5]

(2) Applications for interlocutory review are addressed to the sound discretion of the Court.[6] We agree with the Superior Court's recommendation, and further find that it would be inefficient to disrupt the normal procession of this case by interlocutory appellate review. As the Superior Court found, the complaint was buttressed by numerous factual allegations that may provide a basis for relief on

---

[2] *State v. Premier Healthcare Inc.*, 2018 WL 3471848 (Del. July 17, 2018).
[3] *Id.* at *2.
[4] *Premier Healthcare*, 2018 WL 3013484, at *7-9; *Premier Healthcare*, 2018 WL 3471848, at *2-3.
[5] *Premier Healthcare*, 2018 WL 3471848, at *2-3.
[6] Supr. Ct. R. 42(d)(v).

different grounds.  The costs of having this Court conduct a do-over examination of the complaint under Rule 12(b)(6) seems far more likely to result in delay and excess cost that a more efficient resolution of the pending suit.

NOW, THEREFORE, IT IS HEREBY ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:


/s/ Leo E. Strine, Jr.
Chief Justice